UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAHAAB CHILDS,

       Petitioner,

v.                                                  Civil Action No. 2:12-cv-11009
                                                  Honorable Patrick J. Duggan

CAROL HOWES,

       Respondent.
_____/

**OPINION AND ORDER GRANTING
PETITIONER'S MOTION TO STAY HABEAS PETITION,
STAYING CASE WITH CONDITIONS, AND DIRECTING THE
CLERK TO CLOSE THE CASE FOR ADMINISTRATIVE PURPOSES**

    Michigan prisoner Rahaab Childs ("Petitioner") has filed this habeas case under 28 U.S.C. § 2254. Petitioner is a Michigan Department of Corrections' inmate, currently housed at the Lakeland Correctional Facility in Coldwater, Michigan, where he is serving concurrent sentences of twenty-eight to forty years for a second-degree-murder conviction and three to forty-five years for a felon-in-possession conviction. Petitioner will serve those sentences after first serving a mandatory two-year sentence for a felony-firearm conviction. Petitioner was convicted of these offenses on March 23, 2009, following a jury trial in the Circuit Court for Wayne County, Michigan. He was sentenced on April 6, 2009, as a habitual offender, fourth offense. On March 6, 2012, Petitioner filed his habeas petition alleging that he is unconstitutionally incarcerated because the evidence was insufficient to support his convictions and the prosecutor

committed misconduct. Pending before the Court is his motion to stay the habeas proceedings, filed October 2, 2012. Petitioner is seeking a stay of these proceedings so that he may return to the state courts to exhaust additional claims concerning the effectiveness of trial counsel and his actual innocence.

For the reasons set forth below, the Court grants Petitioner's motion and stays his habeas petition, with conditions, so that he may return to the state courts to exhaust his unexhausted claims.

## Background

After he was convicted and sentenced, Petitioner filed a direct appeal with the Michigan Court of Appeals, raising the same claims raised in his habeas petition. On September 14, 2010, the Court of Appeals affirmed his convictions and sentences. *People v. Childs*, No. 291878, 2010 WL 3564803, at *7 (Mich. Ct. App. Sept. 14, 2010). Petitioner subsequently filed an application for leave to appeal that decision with the Michigan Supreme Court, which the Court denied on March 8, 2011. *People v. Childs*, 488 Mich. 1049, 794 N.W.2d 347 (2011) (Table).

Petitioner neither filed a petition for a writ of certiorari with the United States Supreme Court nor a motion for relief from judgment with the state trial court. Rather, he filed the pending habeas petition, signed and dated March 1, 2012.

## Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present their claims to the state courts before raising them in a habeas-corpus petition.

*See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999). For state prisoners in Michigan, this means that they must present each claim to the Michigan Court of Appeals and the Michigan Supreme Court before filing a habeas corpus petition containing the claim in federal court. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Federal district courts possess the authority to issue stays while a habeas petitioner pursues state remedies for unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-76, 125 S. Ct. 1528, 1534 (2005). Stay and abeyance are permissible when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78, 125 S. Ct. at 1535.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner may file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et. seq*. Following the state court's ruling on Petitioner's motion for relief from judgment, he may then appeal that decision to the state appellate courts as necessary. Therefore, Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan courts.

The Court finds no indication that Petitioner is engaging in intentional delay or abusive litigation tactics in requesting a stay. Furthermore, upon an initial review of the substance of the unexhausted claims, it does not appear that those claims are "plainly meritless." Petitioner alleges that counsel was ineffective for failing to file timely

motions for an expert witness in ballistics and for procurement of the cellphone records of a witness named Perry Williams. Petitioner alleges that a ballistic expert would have been able to identify for the jury whether the bullet that killed the victim was fired from a rifle, as Petitioner stated, or from a handgun, as stated by witness Williams. He also argues that trial counsel failed to properly investigate his case because had counsel requested Williams' cellphone records, counsel would have discovered that he did not talk with Williams after the death of the victim, as claimed by Williams. Petitioner also claims that he is innocent of the crimes for which he was convicted.

The Court recognizes that Petitioner filed the pending motion to stay his habeas petition in order to avoid the consequences of the one-year statute of limitations applicable to federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court notes that the one-year limitations period applicable to this habeas action may pose a problem for Petitioner if the Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1); *Jimenez v. Quarterman*, 555 U.S. 113, 114, 129 S. Ct. at 682 (2009); *see also Rhines*, 544 U.S. at 278, 125 S. Ct. 1528, 1535 (same). Thus, the Court will stay the petition pending the exhaustion of Petitioner's state court remedies as to his additional, unexhausted claims concerning the effectiveness of trial counsel. The Court finds that Petitioner's basis for issuance of a stay comes within the realm of "good cause" under *Rhines*.

The Supreme Court in *Rhines* cautioned, however, that a district court's discretion in structuring the stay is limited by the timeliness concerns in the AEDPA. The *Rhines*

Court also stated that a petition should not be stayed indefinitely, and the stay should be conditioned on the pursuit of state remedies within a certain time period after the stay is entered, with the prisoner returning to federal court within a similarly brief period. *Rhines*, 544 U.S. at 277-78, 125 S. Ct. at 1534-35. Thus this Court is imposing particular conditions on the stay.

## Conclusion

Based on the above, the Court **GRANTS** Petitioner's motion to stay. The proceedings in this case are **STAYED** pending Petitioner's exhaustion of his state court remedies provided that: (1) Petitioner presents his unexhausted claims to the state court within **sixty (60) days** from the date of this Opinion and Order, if he has not done so already; and (2) Petitioner returns to this Court within **sixty (60) days** of exhausting his state court remedies and files under the above-case caption a motion to lift the stay and to file an amended petition adding the exhausted claims.

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED**.

Dated: October 22, 2012                               s/PATRICK J. DUGGAN
                                                     UNITED STATES DISTRICT JUDGE

Copy to:
Rahaab Childs, #247873
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

5